We'll now turn to 22-5017, U.S. v. Jimenez. Good morning, Your Honors, and may it please the Court, my name is Kathleen Shen and I represent the appellant, Mr. Gerardo Benitez Jimenez. Before allowing Mr. Benitez to address the Court, the District Court clearly communicated that it had completed its 3553A analysis and concluded that a variance was off the table. It said, based on the information provided by the parties, I will not vary from the advisory guideline level as the factors fail to separate this defendant from the mine run of similarly situated defendants. Nothing in the District Court's statement communicated that this was merely a tentative or proposed conclusion, and nothing communicated that the District Court was willing to reconsider its decision in light of what Mr. Benitez might say. And the record shows that everybody present at the hearing understood that the conclusion was final. Mr. Benitez spoke briefly and made no sentencing request whatsoever, and defense counsel, who had previously requested a downward variance to time served, stated that he understood the Court's rulings and that in light of the ruling, he changed his request from time served to a bottom of the guideline sentence. And if that was a misunderstanding, the District Court could have said so and would have said so. And so the record in this way makes it clear and obvious that the District Court's premature announcement regarding the 3553A factors effectively communicated that there would be no variance. So repeat that last point, because that escaped me. You're saying after the judge ruled in introducing the defendant for elocution, defense counsel said given that you're not going to go below the guidelines, we're just going to be requesting the bottom of the guidelines? So after the District Court made its ruling, he said, is there anything further? And defense counsel said, I understand the Court's ruling. And he didn't say in light of, but then he previously had requested a downward variance to time served. He said, we're now asking for a bottom of the guideline sentence. So I think that's just confirmation. And it was after that that the elocution occurred? I think the elocution, you know, I can look it up. That's important, I would think. I think it corroborates my view that the District Court's communication was clear. I think it just confirms that the parties who were present. But you said then the judge would have, didn't correct counsel on that. And if this was before the elocution, the force of your argument would be greater than if the defense counsel said this after elocution by the defendant. I think it is force, I think the argument has force either way and I don't recall exactly the sequence of events. Because it could be interpreted, the judge's comments as saying, I'm ruling on your motion to vary. I reject that. Now we'll proceed with elocution, whatever else you might present on that issue. I disagree, Your Honor. And I think if you read the record, the District Court, he talks about the factors as if, he doesn't talk about solely the arguments made in the variance motion, he says, based on the factors, so that's the 3553A factors, there will be no variance. So how should the judge proceed then, if there's a motion for a variance, the judge should not rule on that motion until after elocution? I would think, just perhaps this is speculation, that defense counsel would like to see how the judge rules on the motion for variance before the client speaks at elocution. It might influence and inform the decision by the defendant as to whether to speak or how much to speak. So how are you supposed to deal with that situation? Your Honor, I think there's no script. The only rule is that the District Court cannot communicate that the sentencing is over before it's over. And I agree, it's often helpful to defense counsel for the District Court to preview its views, and that's why this Court has previously said that there's nothing wrong with the District Court saying, my tentative view is this, my proposed view is this, to address those things before elocution. What the District Court cannot do is make a communication, or say something that communicates that its decision is final, that it's already completed the 3553A analysis. But all the judge is doing is saying, I'm denying your motion for a variance. No, Your Honor, here the judge doesn't say I'm denying your motion for a variance, he says, I will not vary, that this defendant is not going to get a variance, it's not confined to the motion. He said, based upon the information provided by the parties, I will not vary from the advisory guideline level as the factors fail to separate this defendant from the line run of similarly situated defendants. Therefore, defendant's motion is denied. Yes, Your Honor, and I think the reason that that is a problem is because the motion for a variance is coextensive with the ultimate sentencing request. When you ask for a variance, can you have, if defense counsel wants the judge to rule on the motion before deciding whether or how the defendant will speak at elocution, then you're saying the judge can't rule on the motion before the elocution? The judge can rule, but it has to make clear that it's open to reconsidering its decision and that it's consideration of the 3553 factors. I would think the way you do that is instead of saying, I sentence you to this, the judge says, I deny your motion, which is what the judge said. Your Honor, I think when you, Landeros-Lopez is clear that this court considers the substance of the district court's communication and what, in substance, is being communicated to the defendant. And the way that the district court here has done it, there's nothing that indicates that it's open to reconsidering. It says, I've considered your sentencing request, and I've considered the 3553 factors, and I will not vary. Not that I'm not inclined to vary, it doesn't say I'm open to hearing what you have to say. And again, I think the defense counsel statement after the ruling does show that the parties all understood at that point that a variance was off the table. And again, I think what Mr. Benitez does, he doesn't ask for a variance sentence. He doesn't say, he doesn't make any sentencing requests whatsoever. He explicitly says, he indicates, he understands the court is going to make its decision, and he doesn't ask for a specific sentence. He doesn't ask for leniency. And the defense counsel, again, he says, I understand the court's ruling, and he implies that it's final, and if that was a misunderstanding, the district court would have said so. But it wasn't a misunderstanding. The district court was finally ruling that he had completed its analysis of the 3553 factors, and Mr. Benitez understood that as much. Can I ask you, you mentioned . . . Go ahead, Judge Bollock. I come back to Judge Hart's question, and he asked me specifically, is it your position that the district court cannot rule on motion for a variance from downward parties until he's ready to sentence? No, Your Honor. Is that your position? My position . . . That's what I'm hearing you say. That's how you mentioned Judge Hart. Because the motion is filed by the attorneys. They made their arguments, their legal arguments as to why that does. And normally, the court rules on those motions before there's ever any stepping forward for sentencing. And here, I'm looking, I've got the record right in front of me. The attorney said he had no further arguments, and the defendant was given every opportunity to allocate. He could have argued anything the defendant was, but he's not the attorney. So I'm inquiring, if you're writing an opinion, you're asking us to say that the district court cannot rule on the motion for a variance from downward parties until he's ready to sentence. Is that your position? No, Your Honor. And I have two responses. First, I think the downward departure motion is absolutely a separate consideration, and I don't think that that has any bearing on this whatsoever. I think when it comes to . . . You're not answering my question. Counsel, you're not answering my question. It's very simple. Your Honor, the district court may address a motion for the variance, but what the district court cannot do is indicate that the 3553A analysis is complete, because the 3553A analysis is the same thing as the ultimate sentencing question. And so the way that the district court made its communication here didn't just indicate that it was denying the specific request in the variance. It communicated that the sentencing was over, that a variance was completely off the table. And that . . . Your Honor, there's two things. One, he says conclusively, I will not vary. He doesn't say, I will not be granting this variance request. And there's nothing that he says that indicates that he's open to changing that decision in light of what the defendant says. And that's, again, why I come back to what defense counsel . . . how defense counsel responds to the district court's ruling. The defense counsel is clearly indicating he understands this is a final ruling. And if that's what defense counsel understands, and this is a lawyer who's practicing in district court, of course that's also how that the defendant understands it as well. And so I would point, Your Honors, to Volume 2, Section 20. And so this, Your Honor . . . Judge Hart, to answer your question . . . What page? What page in the district court's . . . So the district court gave its ruling on pages Volume 2, 18 to 19. And then Judge Hart's . . . I know Mr. Benitez is given the opportunity to speak afterwards. And then after Mr. Benitez speaks, the court asked Mr. Hoffman, who's defense counsel, do you have anything else to add? And he says, we understand the court's ruling regarding the motions for departure and variance. And in light of those circumstances, we would simply ask that the low end of the guidelines would be the appropriate sentence under the circumstances. And I think that confirms that what the district court said clearly communicated to the people who were there, that the 3553 analysis was complete, and that a guideline sentence . . . or a variance sentence, excuse me, was off the table. And under this court's prior rulings in Landeros-Lopez, as well as the plain language of Rule 32 and Jarvie, a district court can't do that. A district court is not permitted to conclusively tell a defendant before they've had the opportunity to speak that you are not getting a variance, because the whole purpose of elocution is to give the defendant a meaningful opportunity to speak and to present any information in mitigation, including information that would allow him to ask for a variance sentence. And Your Honor, again, I want to stress that this is not about a script. I'm not criticizing the order of what the district court said. What I'm criticizing, or what we're . . . our issue, our appeal is based on the conclusive nature of what he said, and what it communicated to the defendant, and what it clearly communicated to the parties present, which was that the request for a variance was over. That part of sentencing where the defendant has the opportunity to ask for any sentence was gone. He couldn't ask for anything below the guidelines. Your Honor, I'd like to turn to the third prong question. Can I . . . well, before you get to the third prong, can I ask you about the second prong? And it's a follow-up on both of my colleagues' questions. Now, you mentioned about Landeros-Lopez. I had understood . . . I had not recalled, and perhaps incorrectly, that Landeros-Lopez involved the interplay between the right of elocution and a variance. You mentioned a couple of times, said twice, that the sentencing was over, according to the district court, that the sentencing was complete, and the 3553 analysis is complete. In terms of the obviousness of the error, say under a mock decision of Bustamante-Contras, or in Landeros-Lopez, the judge, under your argument, communicated that I am not going to give you a time served. I am not going to give you anything below, say, the floor, the guideline range, 46 months. But there's an 11-month range within the guideline range. And so, it does seem to me that the judge did not say anything, based on the quoted language, and I agree with your recitation of what the judge said, to communicate that what you say, Mr. Defendant, will not affect whether I give you 46 months, 47 months, 50 months, 57 months. Now, he ends up giving him 57 months, but perhaps his decision not to elocute caused him to get 57 months instead of 46 months. It's two responses, Your Honor. Why is that an obvious error? I think it's obvious, in light of this Court's statement in Jarvie, that the opportunity to elocute necessarily includes the opportunity to request a varying sentence. I think it's obvious, in light of Rule 32, and in Mendoza-Lopez, this Court actually found plain error, where the district court limited elocution to request for a sentence within the guideline range. I see my time is up. Do you want to follow up? Yeah, Phil, I'm sorry. I cheated you out of your rebuttal. If I'm able to reserve any time for rebuttal, I would like to do so. May it please the Court, Thomas Duncombe for the United States. The government wins this appeal for three reasons. The first is, no case requires that a sentencing judge wait to rule on variance and departure motions until after inviting a defendant to elocute. No question about the departure motions, but what about Jarvie? Yes, Your Honor. What about Landeros? Certainly, when you're talking about determining, as Judge Baldock pointed out, the applicable guideline range, an enhancement, some sort of mitigation, a downward departure, an upward departure, no question about that. You could decide that prior to the right of elocution, but in Jarvie, we did say, I think correctly that, or correctly or incorrectly, that the judge cannot make a definitive determination that would render elocution null and void. That was entirely the predicate for our Embarc opinion and Bustamante conscience. How in the world can we say that this is anything other than an obvious error? Well, Your Honor, two points. First of all, in Bustamante conscience, there was no elocution invited whatsoever, and so that was the nature of the error in that Embarc case, that when there's been no invitation to elocution, the defendant doesn't have to prove the third and the fourth steps of the plain error review. What about Jarvie? On Jarvie, Your Honor, Jarvie did say that, and Jarvie was right, that a defendant should have a right to address anything in his Rule 32 elocution, including whether he should get a variance or not. That was in the context of a sentencing in Jarvie where the court expressly limited the things that the defendant could talk about in his elocution. That didn't happen here. The court addressed Mr. Benitez-Gimenez and said, do you have anything that you wish to say? After telling him, I will not vary from the guideline range, the court finds that a variance is not warranted based on the serious nature, including the multiple convictions and repeated history of entering the United States. Why in the world would the defendant say, Judge, I now want to ask you to vary downward because I question the seriousness of the crime, the government's reliance on the repeated history. The judge had already made these findings that he is not, I will, I might not, I incline not, I will not give you less than 46 months. So, if I understand your question correctly, Judge Bachrach, whether the court must reserve ruling on a variance before allowing an elocution, or... Or say, just as counsel said, I've inclined not to, I've proposed, you know, I'm leaning toward not varying downward, but to definitively say, I will not give you less than 46 months. I will not vary below 46 months. I'm not really sure what a defendant would then say, Judge, I'd like you to give me less than 46 months. Right. So, the first thing I would say is that because we're under plain error review, there has to be a clear or obvious error. And not only has no case from this court or from any circuit court that we have found said that a defendant must be able to address the court before the court has decided on a variance, this court in Mendoza-Lopez specifically said that there was no error where the district judge decided against the defendant, motions for downward departure and downward variance. And the only difference between Mendoza-Lopez and this case, as far as that goes, is that the district court in Mendoza-Lopez went on to say, so then my inclination is to sentence within the guidelines. The court didn't even say that here. The court just said, based on the information given to me from the parties, I will not vary. Based on the information given to me from the parties, I will not depart. And as the Fifth Circuit said in the Pitziger case, which we cite in our brief, just because the ruling on the motion was final doesn't mean the sentence was final. And what our courts have said time and again, and this parallels courts in other circuits, is the error isn't in finally deciding any particular issue that's raised in a sentencing motion. The error, if there is one, is announcing a definitive sentence. That was the error. Are you saying that when the judge said, based upon the information provided by the parties, I won't vary and I deny your motion, that the judge is leaving open the possibility that further information, presumably from elocution, could lead him to vary? That's the conclusion that the cases lead us to naturally, which is that if the court can deny the motion for variance before allowing elocution, then naturally it can say why it's denying the motion for variance. It can use conclusive-sounding terms if it wants, as long as it doesn't definitively announce a sentence. And Rule 32, the text of it, the text of the elocution right, says before the court imposes a sentence, the court must directly address the defendant and ask the defendant if there's anything he wishes to say, any information that the defendant wishes to say in mitigation of the sentence. That's the nice thing about Rule 32. It's not about variances or departures or any of the minutia of sentencing that are for the lawyers to talk about. It's the defendant's opportunity, aside from the motions, to have Mr. Benitez-Gimenez address Judge Heil and say, sir, this is my story, or this is why I'm sorry, or this is why I believe you got it wrong on something. The judge is allowed to say, here's where I'm leaning. Prove me wrong. Yeah, he didn't say that, though. Yeah, but you acknowledge that. No, but the court is not required to use any particular magic words when denying a variance. What if the guideline range was just a fixed term, like 46 months, and the judge then said, I will not vary from the guideline range. The guideline range is 46 months on the nose. Now would that be an obvious error? No, and the reason is what the cases in this circuit have said, and particularly because we're in plain error review, what they haven't said. There's never been a case that has said that if the court's denial of a variance motion effectively results in a set sentence, then that's per se error, or that's a clear or obvious error. I thought that was the whole, maybe I misunderstood your argument about distinguishing Jarvee. I thought that was your argument for distinguishing Jarvee, was that Jarvee, according to you, had allowed some sort of wiggle room within the fixation of the sentence within a range of months. No, what the court did in Jarvee that was an error was the court addressed the defendant and allowed him to allocute, but the court said, with regard to specific arguments, I'm not going to listen to your argument on that. The court specifically said, I hear that there are some things that you want to bring up that you filed in this pro se motion. I've ruled that I'm not going to hear what you put in that pro se motion because you've got a lawyer, and further, I'm not going to hear anything that you've got to say about that today. What if the defendant had said, had been planning and rehearsing that when I get up and allocute, I'm going to talk about those prior convictions and my mindset, maybe I had been addicted to drugs when I had committed these crimes of controlled dangerous substances, I'm going to talk about the unique circumstances that led to me repeatedly entering the United States illegally. Isn't that the whole point of Bustamante Conscious, Mendoza, Landeros? We don't know what the defendant was saying, and so if Jarvee said, all of these things are off limits, the problem we have is we don't know what the defendant would have otherwise said had Judge Heil not said, I will not vary based on all of these circumstances. Well, so what the cases have said is that if there's a definitive announcement of a sentence, that was the error in Landeros-Lopez, and that was the error, frankly, in Bustamante Conscious because there was no allocution. So in both of those cases, there was a definitive announcement of a sentence, and it doesn't is what the sentence is going to be, and there is no ruling that the right to allocution has to occur at any particular point during the sentencing hearing. And if there was a rule that the court's denial of a variance motion essentially put the defendant in a trick box for purposes of Rule 32 and it denied him the right to an effective allocution, you'd expect to see a ruling from some court somewhere, but particularly you'd need to see it from this court in plain error review that says, thou shalt conduct allocutions or allow allocutions before ruling on any pending motions. And I did want to address something that Judge Hartz brought up in questioning my learned friend, which is, why don't we allow, why don't we say that the defendant has to allocute first? Why don't we say that the defendant has to speak before the judge has decided pending motions? And I think there's good reason why courts tend to do it the other way around, which is, let's decide all the pending motions, let's decide all the things that the lawyers have briefed, which is variances and departures and the like, and then let's let the defendant know where he stands in terms of what the judge is thinking, and then let the defendant address the court. It could have a chilling effect on what defendants want to say if they're the first up and the or things like, you know, things that the court is still struggling with. There's good reason to allow the defendant to see the lay of the land. And then, again, Rule 32 is not written in terms of evidence. It's not written in terms of variances. It's not written in terms of departure. It's written in terms of the defendant can present any information to mitigate the sentence. And so... What you're saying makes some sense to me. That's why I asked it. But is there any authority for that? Is there any... Because I haven't been in a courtroom as a lawyer for a long time. So you say there's a reason why the defendant and defendant's counsel would want the motions to be resolved before allocution. But are there practice guides or anything you know of that would support that proposition? No, but two things support it. One is that not only has no court said that you should have the allocution first, but you've got cases like Engle from the Fourth Circuit that we cited in our brief that says you have no right to a particular order of how things go under Rule 32. And the other is I could imagine a scenario where a defense counsel wants to make the best full-throated argument the defense counsel can make as to why a variance is appropriate and maybe citing some precedent on, well, this court previously gave a variance in two similar cases. A defendant going first during the sentencing hearing might say something factually that contradicts something that's in the defense counsel's brief, which the defense counsel is not required to and probably shouldn't ask the defendant, hey, is this true, is this true, is this true? The defense counsel can and should put the best possible full-throated arguments in the sense of why a variance is possibly allowed under the circumstances. And that's why I think this court got it right in Mendoza-Lopez when it said there is no error in starting with the variance and departure decisions and denying those variance and departure decisions before inviting the defendant to allocue. I'll go a step further. In the Sixth Circuit and Eighth Circuit cases we cited in our briefs, which I think there was one that was Barnett from the Sixth Circuit, and there's an Eighth Circuit case there, too, there were cases where the court granted an upward departure that was requested by the government. So before we even get to allocution, we're in a posture where the court is signaling, I am going to go above the guidelines. There is nothing clearly erroneous about that. Certainly, you know, there's enhancements, but that's why she's not arguing that the violation of the right to allocute was affected by the determination of a departure. Obviously, the departure, the applicability, the guideline range is entirely distinct from the 3553A factors. So deciding whether there was an enhancement for a prior crime of violence, obviously, Barnett, nobody would disagree with that. She wouldn't disagree with that, I don't think. That's entirely different when you're talking about the subjective mix of factors under 3553A. Yes, and in a vacuum, one could see a court making a rule that we have to wait and decide the variance motions after the allocutions because of that very concern. And this court could make such a ruling. It could go on bonk and make such a ruling. Or in a case that's not under plain error review, this court could decide, you know what, we're going to make that the rule. But because we're under plain error review, there's been no case in this court that's ever held that, and Mendoza-Lopez calls that conclusion into doubt. So with that, I see my time is up, and so I ask the court to spend it. I've got a question. Yes, Judge. I have a question, Lee. What is the remedy, if we don't agree with you and we should say that this is error, under the plain error, what's the remedy in regards to this case? If there was a true allocution error, Judge, as there was in Landeros-Lopez. That's issued. Yes. If there was an allocution error, as there was in Landeros-Lopez and as there was in Bustamante-Conscius, then those cases are clear and Bustamante-Conscius is clear that the remedy is a resentencing, a remand for a resentencing. Now, my second question is then, do we ask another judge to be appointed to handle the sentencing? No, and I haven't considered that question, but what guides me in my answer of no is that when there are cases which there was a case from another circuit cited in Valdez-Aguirre where the court had definitively announced a sentence, the rule is that the court can remedy that potentially by going back to the defendant and saying, I am truly willing to reconsider my rulings. It would be very difficult considering the circuit precedent on that point. Once you've definitively announced a sentence, that's generally the point of no return, but even those cases that talk about what a court would have to do to remedy an error like that, they don't talk about it in terms of we'd have to bring in a new judge or disqualify the current one or anything like that. You've answered my question. Thank you. Thank you, Judge. The government would respectfully ask the court to affirm. I think you had used up your time. Okay, sorry. You want to take 20 seconds? And I mean 20 seconds. Okay, 20 seconds. 20 seconds. I just want to emphasize this is absolutely not about the order of operations. It's about the substance of the district court's communication, which finally and conclusively communicated to Mr. Benitez that he would not vary no matter what. Thank you. Thank you, counsel. Case is submitted.